Good morning, Your Honors. James Harris on behalf of the appellant, Gavin Pallone. There are two related reasons why this Court should reverse the ruling of the Tax Court without even needing to reach the constitutional retroactivity question. All of the payments, including the deferred payment obligations were amounts received within the meaning of Section 1001 of the Internal Revenue Code in May of 1996 when the obligation was created, and for the same reason they were amounts received within the meaning of old Section 104.82. Now, then... So, assuming that's right, why doesn't Section 453 apply? Section 453 has absolutely nothing to do with this analysis. Section 453 only goes to when you recognize tax and have to pay the tax. It doesn't have anything to do with whether there's a taxable event or whether there's been an amount realized. Section 453 assumes that there has been a taxable event. If you look at the text of 453, it provides that... Let me take it a different way. If the settlement had been received today, would you agree that Section 453 would apply under your theory? That's the second step of the analysis. The first step, if the settlement were today, you would have an amount realized that was within the meaning and the purview of the new statute. Right. That was my hypothetical. I'm peeling back the onion a little bit. If you received that settlement today, would you agree that Section 453 would apply? Well, but my point is that's only the second step of the analysis. It applies only because there's income. Yeah. This is hypothetical. I kind of thought that was a yes, a no hypothetical. I'll give you a yes. I'll give you a yes, but I'm dying to tell you why the underlying premise is wrong of where you're going. No, I just want to know if you think Section 453 applies at all, if there's a tax, if you receive a settlement today. There are reasons. There are actually several reasons why it wouldn't apply, which I hadn't intended to get into. Section 453 only applies to installment sales. This is a disposition, not a sale. There's case law that says Section 453 only applies when there's been a passing of title, cases such as Billy Rose's Diamond Horseshoe versus the United States, 322 F SUP at 80, and Barnsley versus Commissioner 31 Tax Court at 1263. Make that clear. But I think the most important point is that Section 453 presupposes a taxable event. Right. Well, I hadn't gotten there yet. I just wanted to see what your view was on Section 453, because I gather what it all happened during this period, then the installment sales provision wouldn't apply at all. Right. Yeah. I understand. I take that for your argument. I just didn't know what your reaction to 453. Right. And too far ahead. I'm sorry. Just to drive that point home, Section 453 on its face says that it deals with when you hit the situation where you have income from an installment sale. And because there was an amount realized in May of 1996, when the exemption from income still was in effect, there was no income from this transaction. So 453 on its face couldn't be applicable. If we accept your argument. If you accept my argument. So 453 basically has nothing to do with the analysis of this case on this record. We have to paint on a broader canvas. So we have to parse some of these nuances going forward. I mean, obviously you're going to have a lot of upset plaintiff's attorneys throughout the United States if we adopt your theory, who settled cases based on structured settlements, for example. And now their clients are going to have to pay a whole lot of money. Well, that all turns on Section 104A2, whether the type of settlement that they received comes within its terms or whether it doesn't. Sure. But there are hundreds and thousands of settlements that come within those after theory, you have a lot of bankrupt claimants, I think, because the income will all be attributed to the first year of the settlement and not over time. So they're going to tax on the settlement for the entire period of time that is paid out over 20, 30, 40 years. If it's a structured settlement. Well, I mean, I've ever received it. Well, that may be true, but they can take advantage. I see a point. They can take advantage of 453. If they've got any more, if they haven't waived, you know, if they haven't elected it to begin with. See, that's the problem. I mean, I'm just in a broader canvas. Well, and a broader canvas. I mean, it's sort of hard for me to respond to the notion that future plaintiffs might elect not to elect something that's available to them. I mean, I don't see how that really affects the proper disposition of this case, where 453 by its own terms doesn't even come into play because there was no income. We're focused on your case, but we have to paint on a broader canvas here. I mean, it's a, we have to consider the effect on other cases and it might be profound, quite profound. Well, I don't think it would be profound for the simple reason that this case doesn't come within 453 at all. I mean, what you have here is deferred payment obligations that were an amount realized within the section, within the meaning of section 1001 as of May, 1996, when the payment obligation was created, therefore it becomes smack dab within the middle of an exclusion from income that exists out of statute. I understand that applies in this case, but when the exclusion from income doesn't apply to future cases, that means it's taxable all in the first year, period, under your theory. Well, but, but, but, but again, they have somebody who's in that, somebody who's in that circumstance has the ability to take advantage of 453. You just said that they didn't. Yeah, you said it doesn't apply. You said it doesn't apply. I start off with a hypothetical. If there's a settlement today, does 453 apply? And you said, after first getting back to your case, you said, no, you didn't think it did because there's the, for all sorts of reasons. It's not Billy Rose case or whatever. You're saying 453 doesn't apply. So in all cases, you can't, if you said 453 doesn't apply, then the election doesn't apply and that therefore it's all going to be recognized in the first, at the time the settlement is done, whether structured or not. And doesn't that create huge problems? Broad problems, at least. When you have periodic. That might present problems for future plaintiffs. But if I'm right, that it doesn't apply because of the title issue and things like that. But those are points that I don't think you even need to get to. Well, it's a natural consequence. So we have to think about them. I mean, that's what I'm asking. No, no. I don't, I don't think you need to. Are you saying it applies or not? Because at one point you say it doesn't apply. Then you say they can elect. Okay. Okay. I understand your question. But my point is Section 453 doesn't apply to this case. And you don't need to go past that. The reason it doesn't apply to this case is there was no income that came from this transaction. You don't need to. No, I understand your argument completely. But if we decide that, if we, if we accept your argument that anytime you have a periodic payment of this type that you have to attribute, it's all taxable in the first year, then of course you get out because under your theory, the law was different then. Under the theory going forward would mean that any plaintiff who settled or pursuant to a statute like there, as there are in many states, it requires some periodic payments. They're going to have to pay the tax the first year, even if the settlement goes to pay it in installments over many, many years. That's the natural consequence of your argument. I'm not saying that's good or bad. I'm just saying if we opted, that's the natural consequence. No, I want to make one point why it's not necessarily the natural consequence. The premise of my argument is that there was no income. And so under Article 3, you don't need to get to those subsidiary reasons that I suggested as to why 453 wouldn't apply to certain types of settlements. Well, we have 453, but we would attribute the income in the first year. That's for sure. I mean, that's all taxable the first year. But my point is, you don't need to adjudicate that question until it's a live controversy. And you would then end up having a plaintiff up here saying that what Mr. Harris said is just absolutely all wrong. And you'd adjudicate that in the context of a real controversy. There's no, there's not a controversy. The 453 analysis is somewhat irrelevant to that, though. I mean, you're just saying it's taxable in the first year period for everybody. So a plaintiff settles a case now, today, and as part of it, it's a structured settlement of payments of $100,000 for 20 years, which is not an unusual settlement if you're trying to bridge the gap. That's all going to be taxable the first year. And the plaintiff won't have the money to pay it. That's the natural consequence of that. And if it applies retroactively, it's going to apply to non-economic or economic settlements going back 20 years. Now, again, if you're not only a plaintiff's subsidiary, you're going to have a lot of mediators. But as I say, I mean, those are consequences that need not be addressed on this on this record. Well, sure they do. The first one does. Is it taxable the first year? We have to decide that. Yes. And everything flows from that. And I think that's the natural consequence of it. Well, all you need to determine for this case is that it's taxable the first year. You don't need to determine the question of whether 453 would apply to. Right. But they wouldn't have elected it anyway. I mean, that's the whole going forward. They might be able to elect it or not, depending on how we view that case. Well, we're getting a side from your theory. But but I just you know, this case does, in many respects, have a lot of could cause a lot of unintended consequences. I don't think so. But I think what this case turns on is whether there was a disposition within the median of Section 1001 and at what point you recognize the income and how much was realized at the time of that disposition. Let me ask you one more question that's just on the practical consequence. How do you view the application of the alternative minimum tax in this situation? I'm not sure that. Let me answer that on reply. I'm not sure that I have an answer to that as I stand here right now. I haven't really considered that. I don't think the case turns on that. I think what the case turns on. I'm just trying to understand the practical implications of this, because the minimum tax, what might if this turns out to be a taxable event and you know, your clients aren't subject to it, but the futures are huge clients are, then that presents another consideration. I've given no consideration to that. The threshold question under Section 1001 is whether there's been a disposition of property. And I think the Underhill case, which the court mentioned in its order, makes very clear that there was that there was property here. In Underhill, this court exhaustively, carefully analyzed California law, determined that under Section 953 of the California Civil Code, a legal claim is considered a choice of action, which is considered personal property. And it went on to say that under Section 954 of the Civil Code, such claims are transferable. So there was property here. There clearly was a disposition of the property. Under cases such as the Herbert Estate case and all the marital cases that we cited and the tax court's 1969 Corp case, the settlement of a legal claim is a disposition of property. All the government says in response to that is they concede that settlements of claim can be disposition of property, but they say settlement of tort claims aren't. But there's no basis for that distinction. That doesn't come from anything that's simply made up for the purpose of this disposition of property. The next question is, what was the amount realized? And Warren Jones controls the proper disposition of that question. Warren Jones says that deferred payment obligations, and that's the law of the circuit, deferred payment obligations are ordinarily recognizable in the year that the obligation was created, except in the rare cases where it's so speculative or so contingent that it can't be valued. And here the evidence, which was undisputed and really for all practical purposes, the government didn't even concede, it didn't even contest this point at trial. Pallone demonstrated that this was an absolutely fixed obligation and that UTA was absolutely good for the money. UTA is one of the wealthiest and most successful agencies in the world. It has revenues of $50 million a year, a rich backlog of receivables. And the proof was in the pudding. All the money was paid by the time this case came to trial. You know, the problem, I think, I don't think we missed any point of your argument or your brief. Yes. The question is, and you're right, but so was Enron, so was every, so you say certain. It wasn't. It was certain if nothing changed, the payment. Yes. And nothing changed and it was paid. But when we decide, when we write, we've got to think about things that this case will impact. It's the same thing. An early argument. We got some equities that we would have if it had been the first case, might have been a different story. And don't we have to go beyond just the words you're saying? When we look here, we have to see the consequences of a ruling that you're asking us to make. And that's what Judge Thomas was getting you to address, if you would. But you don't want to address that at all. Think, do you want to think about it and come back on rebuttal? We may have to may have some thoughts about it because we I think we understand you, your position. And my position is compelled by existing line. I think that there's a point that that ought to be understood here. Well, at the point which we aren't saying, and that is you got a surprise. You the the the regulation came in after you had made yourself after you had made the arrangement. It came in and it had serious consequences to your client. Yes, that's right. And you didn't have an opportunity to anticipate it because you didn't dream it was coming. The question we look at is, can they do it? And I haven't seen anything that says they can't. Are you talking about the constitutionality now? Well, with respect to the constitutionality, which is an issue I don't think you need to get to. We don't. But I don't want you to argue it, I'm just telling you. But if you do, if you do get to it, I think the issue, the issue is straightforward. This is absolutely a new tax. And Carlton and Cortee, this court's decision, Cortee make clear that the retroactivity problem with respect to tax legislation has the greatest bite when it comes to a whole new tax. And what you have here is 70 years of of law where damages on a count of non-physical injuries are absolutely excluded from income. You change that. You change that in midstream with no notice when there were when there was reliance on the existing law. So as an economic matter, that is a new tax that comes squarely within the formulation as Cortee articulated it. And the government has yet to provide an understandable rationalization as to why in the reason it's been on the books for 70 years would not be considered a new tax. Well, you know, the problem, though, is that that was subject to a lot of debate on whether reputation damage constituted a personal injury, whether emotional distress damages constituted personal injury within the meaning of the statute. I mean, that was a highly debated matter. Congress chose to resolve it in the in its amendments. Well, I can't I think it's I think it's a little overbroad to say you've got all this history that that's undisputed, that it was non-taxable. Well, let me let me read to you a brief quotation from from the Supreme Court's decision in the Burke case, which is cited in our briefs in Burke. The court said the courts in the IRS have long since recognized that one or four eight twos reference to personal injuries encompasses nonphysical injuries to the individual, such as those affecting reputation. The ambiguity that Congress resolved had to do with on the margins, whether certain kinds of statutory claims came within section one or four, a two had nothing to do with whether a straight common law defamation claim that that had been clear for a long, long time. Thank you, counsel. Good morning. Good morning, Your Honors. Bridget Rowan from the Department of Justice for the city again. At least you can argue two cases out here. Thank you. May please the court. The point I'd like to make right from the outset is that the settlement of a personal injury claim based on reputational damage is not the disposition is not a sale or disposition of property governed by Section 1001. And I guess I say that over and over again, and that is it's a totally unprecedented and very bad argument that. How do you deal with Stonehill? Your Honor, Stonehill was a case involving a damaged claim with respect to property. What was alleged there, the corporation was alleging that the town had inflicted various adverse zoning consequences on their property. And that distinction is critical. A personal injury claim based on reputation is not transferable as a settlement under Section 954 of the California Civil Code. Certain kinds of claims are transferable if they relate to property. Well, that section that talks about collateral, using it as collateral, right? No, it cannot be used as collateral, Your Honor. Right, right. I mean, but that's limited. You can you can transfer a personal injury claim in California. There's no doubt about that. Not all the time. Not under the case. Once you get your award, you can transfer your award. Let me give you a good example. It happens all the time. You have a bad faith claim. You have a that the third party wants to assert against an insurance company, but under California law, there's no direct cause of action in front of for the third party. They settle with the tortfeasor and they take an assignment of the first party claims as part of part of the settlement. That happens all the time. Why, under your theory, it could not happen? Your Honor, under the annotations to Section 954, which is the provision of California law that the Court in Stonehill relied on, the annotations, and I would call the Court's attention specifically to Section 21 of those annotations, they say a personal injury claim, for example, a claim based on reputation, is not a claim that is assignable or transferable. There are. I have to beg to differ with you on California law. I think I think you may just have to assume that that's the case, because I must tell you, it happens all the time and been recognized in the bad faith context where you have, which is analogous. It's a it's a bad faith claim against an insurance company or that they're they're they assign as part of the settlement the first party claim to the third party. And it's a clear chosen action. In fact, it may not have even been filed, but a right to action. I don't believe, Your Honor, that that would be a personal injury claim asserting damage to reputation. It would be a claim against the insurance company to fail to pay for some sort of damage. We're talking about what may result in, it's a Your Honor, I have no quarrel with the idea that contract claims or tort claims related to damages to property would be assignable under California California law before they're reduced to judgment. A personal injury claim based on damage to reputation would die with the individual himself. So if Mr. Pallone had not pursued his claim against his former employer to a settlement with UTA, that claim would have died with him. Similarly, that kind of claim under California law, I believe, dies with the the person who was the the alleged tortfeasor. So it's a special, I would say it's a it's a category of claims that is exempt from the general rule under California law that you may assign your claim. You just cannot do that. And there are two cases I would particularly call to the Court's attention. McLaughlin, these are California state cases, and Franklin, which are listed in the annotations to Section 954. It's also a point that was addressed in a brief that we a case that we cited in our brief at page 24, Pacific slash West. Right. But those are those are cases and I understand the cases that say you can't give you can't assign an interest in a lawsuit as collateral. That is different from signing the entire cause of action. You can't give another example. That's a person files bankruptcy in California. All of their causes of action are assumed by the trustee and the trustee can choose to go forward with them or not. Now, you can argue, I suppose, that that's not a sign of my operation of law, but in fact, it doesn't die just because it gets assigned to somebody else. And then the trustee has the power to settle and distribute. I'm not I guess I'm not quarreling with that as a general rule, Your Honor. I am quarreling it with as with respect to a personal injury, reputational claim. I don't think I don't quite understand the difference, because there seems to be you have chosen an action as personal property. And that is a category, regardless of what the what the claim is. I mean, you can give, generally speaking, absent statutory constraints. You can give you can take a security interest in causes of action. What you're seeming to say is that there's a separate category depending on what the theories are and the damages sought. And that's depending on, you know, most most most there are many cases where you mix and match theories. You have reputation damage, emotional distress, personal injury claims, wrongful termination. They're all part of one large suit. I don't know how we would parse that out. Well, Your Honor, I guess I can only reiterate that in this particular case, Mr. Pallone brought a case or was was threatening to bring a case for a personal injury based on reputational damage. Are you saying had he declared bankruptcy that that the bankruptcy estate would have had no no power over that case to determine whether to proceed or not? I actually I think the trustee bring it in trustee's name. His estate could not. His estate, if he had died, if he had been declared bankruptcy, if he had been bankrupt. I don't I don't know the answer to that question. I don't think the trustee's case is his law. I know. I think there's not a doubt the trustee gets. Well, it's made in bankruptcy. If Mr. Pallone were alive, could step into his shoes and pursue that claim as though he were Mr. Pallone. But I think that's of course, this is all a totally in some ways it doesn't address it doesn't address at all the question of how once you get the award of damages, how it is to be taxed under the federal income tax laws and all the case law that has addressed the taxation of damages. And there have been four Supreme Court cases on Section 104 in the past 15 years or so, and not a single case in the Supreme Court or anywhere else addresses or treats the resolution of a personal injury claim as a disposition of property under Section 1001. And this Court's own case in Romer, 1983, when the Court was addressing a tort claim based on reputation, the question was whether the damages exclusion applied to it. And there the Court, I mean, plainly the Court was not analyzing it as a sale or disposition of property, but as an accession to wealth. And, you know, considering it's an interesting case that the plaintiff has raised because it implicates some of sort of the fundamental principles of income taxation and accession to wealth. Is it something like a – something from a services contract? Is it a miscellaneous item? Is it a gain from a dealing in property? And tort claims of this sort have never – have never been analyzed as gains from dealings in property. Roberts. Okay. Well, let me see if I understand your position clearly. You believe a settlement of a purely economic case would be considered a sale or exchange of property? No, Your Honor. No. No. No. Is your – is your position that a settlement of any cause of action at all cannot be considered a sale or exchange of property within the meaning of that statute? I think there are some – I think there are some situations where if it had been a commercial claim. I think I'm talking about purely economic claims. Let's just say commercial claims. Let's say like in Herbert's estate, which I think involved some sort of commercial claim. Or there's a case, Nahee, I think that's cited in our brief from the Seventh Circuit. A commercial claim is sold as part of a sale of a business, for example. And then the claim is resolved, and the question is how is that to be taxed. And that's – that's kind of a thorny question, and I think Judge Posner said it really hadn't been addressed by many courts. And his conclusion was that you had to look to the origin of the claim. And in this case, of course, because you have that injury to personal reputation, you don't have any kind of resolution of a property dispute. It would be taxed as – as ordinary income to the recipient. I think the Court has also noted that to adopt taxpayers' argument that this is a disposition of property under Section 1001 would be an extremely bad rule to endorse with repercussions for – for all sorts of settlements. What the taxpayer is arguing is that everything should be taxable in the year that you enter into the settlement or the year that the judgment comes down for the tort recovery. And that has never been the law. That has never been the law. Not a single Supreme Court case or circuit court case or any case that has found that a – that a tort recovery should be analyzed as the disposition of property and taxed completely in the first year in which it is – is received. So the – the argument would be – would be a – if adopted, would be devastating for – it would actually not be a bad argument for the Commissioner, really. We get it right away, but most – you know, it's an unprecedented argument because nobody, except in this unusual situation in which Mr. Pallone – Would ever make it. Nobody would ever make it. Except you know why Mr. Harris is making it, of course. Yes, why Mr. Harris is making it. But getting back to then the definition of property, it really does get a bit thorny because say you use the definition of property in the bankruptcy code, this – this clearly would fall into that. This is an example. If you think about property interests in terms of constitutional law, probably not. I mean that's the – because the – we've – the Supreme Court said reputation alone isn't a – you don't have no – you don't have a property interest in reputation, it's a liberty interest if anything, not property. But in California the argument was made that because goodwill is property, that in fact you can argue that it's damage to property in California. So depending on how we decide what property is, you can – we can make a whole slot of arguments. But generally speaking, I think that the code seems to contemplate a fairly broad definition of property. Very broad definition of property, but, Your Honor, I – Which leads me to the conclusion that a cause of action can be considered property under 1001. Your Honor, I would submit that if Stonehill had involved a claim by the plaintiff for a personal reputational harm, the outcome of that case should have been different. But in that case, the lawsuit involved a question of damages to property, which under 954 are transferable. And so that is a sufficient – the incidents of ownership are sufficient for the Federal tax lien to attach to it. So are you conceding on behalf of the Commissioner that a Federal tax lien could never attach to personal injury settlements or causes of action? Oh, I would never make such a sweeping statement, Your Honor. But when we're talking about collateral consequences, that's the consequence of your argument, is if we say – if we agree with you today and said we can distinguish Stonehill because this is a personal injury and reputational damage, the consequence for the Commissioner is you lose the ability to put a tax lien on it, right? I think we would – I don't think we would have the ability to put a tax lien on it until Mr. Pallone got his recovery, yes, Your Honor, in California with respect to that exception to 954, because Mr. Pallone's property interest or whatever, it has the label of a chosen action, but for him with respect to his personal injury claim, that label doesn't really have any significance as a property right, it seems to me, until he gets his recovery, because if he dies, it's gone. There's nothing for anybody to inherit, unlike other kinds of forms of action that would survive the individual claimant. He's got nothing that he can assign to anybody else. He's not allowed by California law to assign that personal claim. Mr. Rowan, it might help. Mr. Harris is going to come in two seconds, and you're not going to have a lot of time. Can you give just a paragraph so that he knows what you want him to rebut? We've covered a lot of ground in your argument. It's refreshing, but he's going to have to give us an answer in just a minute. Well, I – our core position is that a settlement of personal injury damages should not be – is not to be analyzed as a property – a disposition of property under Section 1001. One quick question on that, if I might. On Stonehill, you adopted a narrow sort of analysis of its holding, and I'm looking at 1159 and 1160. That seems pretty broad to me in terms of the discussion of chosen action. It's not limited to a property. Granted, the case involved property. Yeah. But I'm having trouble reading that as limiting the kind of chosen action that would be deemed a property right. The Court did not address it, Your Honor, because, of course, Judge Hall, I believe it was, didn't have a personal injury tort in front of him, nor did the government. And the government was arguing that this was an ordinary commercial tort, and under California law, it can be assigned, and so he could have assigned it, and so forth and so on. So it was sufficient for a federal tax lien to attach. That's a separate question, of course, from what are the incidents of income taxation on an accession to wealth, and what kind of accession to wealth is this? This is analogous to an employment contract, and that's what the Supreme Court analogized tort damages to in its recent case of Commissioner v. Banks. Yes, and I'm familiar with that case, since I got reversed on it. One quick question before you sit down. Assuming hypothetically that we hold that this is property within the meaning of 1001, do you think section, how do you think section 453 applies? Well, I think it would be disastrous to call it a property under, and to have 1001 apply. I understand that. This is why I called it hypothetical. But if, assuming it's a pure hypothetical, so you would be calling it a sale or disposition of property, then I would suppose that the installment sale provisions would kick in, and then, and that it would be taxable over time. So your position would be, assuming that we held against you on the 1001 theory, the Commissioner's position probably would be that because he didn't make an election under 453, the net result in this case is the same. It's taxable when received, right? That's correct. Okay. Of course, we petition for your hearing, because we'd be so concerned about the ramifications of that kind of holding for the income taxation of tort damages, because, of course, under 1001, you have to deal with the whole issue of the basis of whatever it was he exchanged for the property that he received. I don't see that much of a problem, because in a personal injury claim, you have a zero basis, so you're going to, I mean, it's entirely taxable, if we assume it's property. I guess it just would be so inconsistent with everything that goes on. I understand your position. Including Romer. Thank you, Your Honor. Thank you very much. We'll give you two more. Why don't we give you three minutes for rebuttal?  Thank you, Your Honor. First of all, with respect to the alternative minimum tax, the question you ask me is the appellate lawyer's nightmare. When a judge knows something about the subject area that is not within the confines of the statute, it deals with the deductibility of legal fees, and he thinks it's probably the same problem now as before the effective date. It's a wash, then. Yeah. And so then it just doesn't affect the analysis. With respect to Section 453, I think what I would urge this Court to do is to say 453 doesn't apply to this case, because there was no income, so 453 is just a hypothetical possibility and leave for another date. The question of whether a post-effective date structured settlement does come within Section 453, as the Commissioner urges, and undoubtedly would urge, and not resolve that question where it's not necessary to resolve it. I'd also point out, with respect to 453, if it did apply to this transaction, this Court can read the refund claim as a deemed election, because the refund claim makes the basic argument that we're making today, as a deemed election to take 453 treatment. And with respect to the property question, there's not much that I really can add. I think that the Stonehill case does resolve the question. You look to California law to determine whether there's a property interest, and under 953, I think there is. So unless there are any further questions. Your arguments have been very helpful. Thank you.
judges: Farris, Thomas, Schiavelli